JOHN C. GUISE, complainant,

*v.*

JOHN C. GUISE, INCORPORATED, defendant; ANTHONY T. AUGELLI, receiver of John C. Guise, Incorporated, respondent, and ROBERT DADD, trustee in bankruptcy of Albert E. Storr, creditor of John C. Guise, Incorporated, appellant.

[Submitted May term, 1934. Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"Defendant company had a contract with the Rahway valley joint meeting for the construction of a trunk sewer and completed the work. Several months later it was adjudged insolvent and a statutory receiver was appointed. See *Fidelity and Deposit Co.* v. *Storr, 115 N. J. Eq. 150.*

"The receiver collected the balance of the contract price from the joint meeting and still has some of the moneys in his hands. Albert E. Storr filed with the receiver a preferred claim for the amount due him for material furnished to the company for use in the construction of the sewer. The receiver rejected the preference and allowed the claim as a general claim only. This action was approved by the court in 1932.

"Now Storr applies for an order directing the receiver to give preference to his claim to the extent of the moneys in the receiver's hands which are part of the contract price collected from the joint meeting. He relies first on chapter 268 of the laws of 1932 which, in effect, gives to materialmen and laborers an equitable lien on the contract price in the contractor's hands. The statute was approved June 15th, 1932, nearly two years after the sewer had been built and more than one year after the receiver had been appointed. Upon the appointment of a receiver in insolvency, the title of the insolvent corporation to its assets including the debt due by the joint meeting, vested in the receiver in trust for the creditors and stockholders and subject only to liens then existing. *Mack Manufacturing Co.* v. *Citizens' Construction Co., 85 N. J. Eq. 331; 86 N. J. Eq. 254.* I do not think the legislature was competent thereafter to burden the title by a lien in favor of a particular group of creditors and to the disadvantage of creditors in general. But the statute should not be so construed; the lien given thereby secures only debts for work done and materials furnished after the act took effect. *Steuerwald* v. *Munn, 90 N. J. Eq. 474; Passinger* v. *Magliaro, 109 N. J. Eq. 381; Fidelity and Deposit Co.* v. *McClintic-Marshall Corp., 115 N. J. Eq. 470.* The statute does not aid Storr's claim.

"Storr also relies on this theory: Independent of statute, a materialman has a lien on the contract price in the hands of the contractor to whom he furnished materials. The rule, as I understand it, is to the contrary. 'In the absence of statute, one who furnishes material or labor for a building or any structure which is part of the land, has no lien, legal or equitable, on the land, the structure or the contract price. The right of lien in every such case is the creature of statute. Unless aided by legislation, the materialman or the laborer must rely solely on the general credit of the person with whom he contracts.' *Fidelity and Deposit Co.* v. *McClintic-Marshall Corp., supra.* There would seem to be no difference in principle between a materialman who furnishes material for a municipal or other public project and one who fur-

nishes material for a private house. If the contract price is subject to a lien in favor of the materialman in the one case, it should be in the other, and all mechanics' lien statutes are unnecessary.

"Storr has no lien. His motion is denied."

*Mr. Alan Bruce Conlin,* for the appellant.

*Mr. John Milton,* for the respondent.

PER CURIAM.

The decree herein will be affirmed, for the reasons given in the court below by Vice-Chancellor Bigelow.

As to chapter 268 of the laws of 1932 (*P. L. 1932 p. 604*), we deem it necessary to hold only that the legislative purpose was to make it prospective in operation, and that therefore it does not apply to the instant case.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.